**[Cite as *State v. J.S.*, 2025-Ohio-4821.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    And

FR. LAWRENCE JURCAK,

    Non-Party/Appellant

    v.

J.S.

    Appellee

C.A. No.    31164

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR-2024-02-0419

DECISION AND JOURNAL ENTRY

Dated: October 22, 2025

STEVENSON, Presiding Judge.

**{¶1}**    Non-Party Appellant Fr. Lawrence Jurcak ("Fr. Jurcak") appeals from an order of the Summit County Court of Common Pleas ordering him to produce records pursuant to R.C. 2930.071 for an *in camera* inspection. This Court reverses and remands for proceedings consistent with this opinion.

I.

**{¶2}**    Defendant-Appellee J.S. is charged with numerous sex offenses based on conduct that allegedly occurred in December 2023 involving a minor victim. J.S. entered a not guilty plea to all charges and proceeded with discovery.

{¶3}   There is no dispute that Fr. Jurcak met with the alleged victim and his family after the alleged victim's initial disclosure to his parents. There is also no dispute that Fr. Jurcak provided a statement to the police relating to the charges against J.S. Based on this statement to the police, J.S. subpoenaed Fr. Jurcak's counseling notes. Fr. Jurcak moved the trial court to quash the subpoena. He argued that he provided religious counseling to the alleged victim and his family in his capacity as a priest and that his records are subject to the clergy privilege pursuant to R.C. 2317.02(C)(1) and the First Amendment to the U.S. Constitution.

{¶4}   J.S. opposed Fr. Jurcak's motion to quash and argued that the subpoena complied with R.C. 2930.071[1] and Crim.R. 17(C). He argued that his constitutional right to the records outweighed the rights of the alleged victim and that he was entitled to the requested records pursuant to R.C. 2930.071. J.S. moved the trial court to deny the motion to quash and proceed with an *in camera* review of the records pursuant to R.C. 2930.071(A)(2). He further asserted that the requested records were not protected from disclosure under R.C. 2317.02(C) where Fr. Jurcak had a duty to report what was disclosed to him under Diocese of Cleveland policies, the Canon Law of the Roman Catholic Church, and R.C. 2151.421(A)(4)(a), the mandatory reporting statute. Fr. Jurcak maintained in his reply in support of motion to quash that the clergy privilege provided by R.C. 2317.02 applies as a matter of law and that the requested records are protected from disclosure.

{¶5}   The trial court stated at the conclusion of a motion hearing on Fr. Jurcak's motion to quash that it was going to "prepare an order . . . denying [Fr. Jurcak's] motion to quash the subpoena." The trial court solely relied upon R.C. 2930.071 in its written decision and ordered Fr.

---

[1] The Ohio Legislature has since repealed R.C. 2930.071 and we will further address this below.

Jurcak to comply with the subpoena and to provide the requested records to the court for an *in camera* inspection. Fr. Jurcak appeals the trial court's decision, asserting one assignment of error for this Court's review.

II.

## ASSIGNMENT OF ERROR

**BECAUSE THE CLERY PRIVILEGE APPLIES AS A MATTER OF LAW AND UNDISPUTED FACT, THE TRIAL COURT ERRED BY NOT GRANTING FR. JURCAK'S MOTION TO QUASH.**

{¶6} Fr. Jurcak argues in his sole assignment of error that the clergy privilege prescribed by R.C. 2317.02(C) applies as a matter of law and that, therefore, the trial court erred by not granting his motion to quash. For the reasons set forth below, this Court reverses and remands for proceedings consistent with this opinion.

{¶7} The trial court denied Fr. Jurcak's motion to quash and found that J.S. complied with R.C. 2930.071, which then required an *in camera* inspection. "Having found [J.S.] has complied with R.C. §2930.[0]71," the trial court ordered "an *in camera* inspection of the records." The court stated that "[u]pon [c]ompletion of the *in camera* inspection, [it] will then balance the alleged victim's rights and privileges against the constitutional rights of [J.S.]" as required by the statute. R.C. 2930.071 was the foundation and basis of the trial court's order.

{¶8} The Ohio Legislature passed Am.H.B. 289 on December 11, 2024, which specifically repealed R.C. 2930.071. The repeal was effective March 20, 2025. Thus, the procedure utilized by the trial court to determine the underlying discovery dispute is no longer authorized by Ohio law. Further, because this matter is an interlocutory appeal, R.C. 2903.071(A)(2) would no longer apply on remand and the trial court could not apply that statute to undertake an *in camera* review to determine any potential disclosure of the records in question.

**{¶9}** Fr. Jurcak argued in his motion to quash that his records are protected by the clergy privilege provided in R.C. 2317.02(C)(1) as well as the First Amendment to the U.S. Constitution. He similarly argues on appeal that his records are privileged under R.C. 2317.02(C) and the Constitution. The trial court's decision, however, was not based on R.C. 2317.02(C) or the raised Constitutional arguments. The trial court did not rely on or analyze R.C. 2317.02 or the Constitution in its decision and this Court will not do so in the first instance. *See Kaplack v. Medina City School Dist. Bd. of Edn.*, 2025-Ohio-221, ¶ 43 (9th Dist.). Nothing in this decision precludes the parties from raising the privilege issues under R.C. 2317.02 and the Constitution or the trial court from considering those questions.

**{¶10}** For the reasons set forth above, Fr. Jurcak's assignment of error is sustained. The trial court solely relied upon a statute in its decision that has since been repealed. The trial court did not address Fr. Jurcak's R.C. 2317.02 or Constitutional arguments in its decision and this Court will not do so in the first instance.

III.

**{¶11}** For the reasons set forth above, Fr. Jurcak's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed, and this matter is remanded for further consideration of the arguments presented in the motion to quash.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

 

SCOT STEVENSON
FOR THE COURT

SUTTON, J.
<u>CONCURS.</u>

CARR, J.
<u>CONCURRING IN PART, AND DISSENTING IN PART.</u>

{¶12} While I agree that the trial court's judgment should be reversed, I would remand to the trial court solely to grant Fr. Jurcak's motion to quash the subpoena. In his brief in opposition to the motion to quash, J.S. specified that the subpoena was "filed in compliance with, and pursuant to R.C. [] 2930.071[.]" Because the subpoena was filed pursuant to R.C. 2930.071 which has been repealed, it is no longer valid. Thus, I would reverse the trial court's judgment and remand to the trial court to enter an order granting Fr. Jurcak's motion to quash the subpoena.

APPEARANCES:

JAMES R. SAYWELL, JACOB THACKSTON, and JOHN BAILEY, Attorneys at Law, for Non-Party/Appellant.

MAXWELL R. HILTNER and ANDREW W. STEIN, Attorneys at Law, for Appellee.